UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BENGE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, LLC, a Delaware limited liability company; OFFICE DEPOT, INC., a Delaware corporation; THE ODP CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 2:24-cv-00749-DJC-DB<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND |

Plaintiff Christopher Benge brings his Class Action Complaint against Defendants Office Depot, LLC, Office Depot, Inc., and The ODP Corporation, along with 100 Doe Defendants, alleging that Defendants violated various California Labor Code provisions and California's Unfair Competition Law as a result. Defendants again seek dismissal, arguing that Plaintiff has failed to state a claim. For the reasons set forth below, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 17), but Plaintiff is GRANTED leave to amend one more time.

# BACKGROUND

## I. Factual Background

Plaintiff is a California resident who worked for Defendants. (*See* Second Am. Class Action Compl. for Damages (ECF No. 16) ¶¶ 5, 20 ("Second Amended Complaint" or "SAC").) Plaintiff was an hourly-paid, non-exempt Sales Advisor. (*See id.* ¶ 20.) Defendants are retailers who are in the business of operating and providing products and services through their retail stores and online platforms to sell office related supplies and services. (*See id.* ¶ 22.) Plaintiff generally alleges that Defendants violated California's Labor Code and some Wage Orders of the Industrial Welfare Commission by: (1) failing to pay overtime (*see id.* ¶¶ 51–59); (2) failing to provide meal breaks (*see id.* ¶¶ 60–73); (3) failing to provide rest breaks (*see id.* ¶¶ 74–85); (4) failing to pay the minimum wage (*see id.* ¶¶ 74–90); (5) failing to pay all unpaid wages upon discharge (*see id.* ¶¶ 91–98); and (6) failing to provide accurate wage statements (*see id.* ¶¶ 99–105). Finally, Plaintiff alleges that Defendants violated California's UCL because of the predicate Labor Code violations. (*See id.* ¶ 109.)

## II. Procedural Background

Plaintiff first filed his Class Action Complaint in Placer County Superior Court. (*See* ECF No. 1.) Defendants then removed the case to federal court. (*See id.*)

Following removal, Defendants filed their first motion to dismiss. (*See* ECF No. 8.) The parties briefed the motion to dismiss, but the Court subsequently vacated the hearing set for the motion and denied Defendants' motion without prejudice for failing to comply with this Court's Standing Order in Civil Cases, which requires the parties to meet-and-confer before noticing any motion for argument. (*See* ECF No. 11.) After issuing this minute order, Plaintiff filed his First Amended Complaint (ECF No. 12), which was replaced by the operative Second Amended Complaint (Second Am. Compl. (ECF No. 16) ("SAC")) following a joint stipulation (*see* ECF Nos. 13–14).

After agreeing to allow Plaintiff to amend his complaint, Defendants brought the instant Motion. (*See* ECF No. 17; *also* Mem. of P. and A. in Supp. of Defs.' Mot. to

Dismiss Pl.'s SAC (ECF No. 17-1) ("Motion" or "Mot.").)  Plaintiff timely filed his Opposition, and Defendants filed their Reply.  (*See* Pl.'s Opp'n to Defs.' Mot. (ECF No. 19) ("Opposition" or "Opp'n"); Defs.' Reply in Supp. of Defs.' Mot. (ECF No. 20) ("Reply").)  The Court heard oral argument on the matter where Attorney Desiree Alfaro appeared for Plaintiff, and Attorney Samuel Saman Sadeghi appeared for Defendants.  The matter is now fully briefed.

## DISCUSSION

### III. Legal Standard

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party."  *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  If the complaint's allegations do not "plausibly give rise to an entitlement to relief[,]" the motion must be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("*Iqbal*").

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*").  But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal*, 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice.  *See id*.  This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense."  *Id.* at 679.

////

## IV. Analysis

### A. The Meal Break, Rest Break, Minimum Wage, and OvertimeWage Claims Fail to Adequately Plead a Labor Code Violation

#### 1. Legal Standard

In a seminal case dealing with minimum and overtime wage claims under the Fair Labor Standard Act ("FLSA"), codified in relevant part at 29 U.S.C. §§ 206(a)(1) and 207(a)(1), the Ninth Circuit "review[ed] [the plaintiff's] complaint to determine whether the allegations plausibly state[d] a claim that [the defendant] failed to pay minimum wages and overtime wages, keeping in mind that detailed facts are not required." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (citing *Twombly*, 550 U.S. at 555), *as amended* (Jan. 26, 2015).  For a claim alleging a failure to pay overtime under the FLSA, the Ninth Circuit held that "to survive a motion to dismiss, a plaintiff . . . must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id.* at 644–45 (collecting cases).  While recognizing that plausibility is still a context-specific inquiry, the Ninth Circuit explained that a "plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* at 645 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012)). The Ninth Circuit further explained that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* (collecting cases).  However, the Ninth Circuit "decline[d] to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA[ ]" because "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants." *Id.* (citing *Pruell*, 678 F.3d at 15).

In a recent unpublished memorandum opinion from the Ninth Circuit, it affirmed a district court's dismissal of claims for unpaid overtime, unpaid minimum wages, and rest break violations under the California Labor Code in light of *Landers*. *See Boyack v. Regis Corp.*, 812 F. App'x 428, 430 (9th Cir. 2020) (mem.) (non-precedential). The Ninth Circuit agreed that the complaint failed to state a claim under *Landers* for overtime and minimum wage claims, rest break violation claims, and claims related to failing to pay wages upon discharge. *See id.* at 430–31. Subsequently, California district courts, including in the Eastern District, have taken the Ninth Circuit's cues and dismissed claims under *Landers* for violations of California's Labor Code related to meal and rest break claims, *see, e.g.*, *Perez v. DNC Parks & Resorts at Sequoia*, No. 1:19-CV-00484-DAD-SAB, 2020 WL 4344911, at *6 (E.D. Cal. July 29, 2020) (citing *Landers*, 771 F.3d at 646; *Boyack*, 812 F. App'x at 431), and overtime and minimum wage claims, *see, e.g.*, *Turner v. LTF Club Mgmt. Co., LLC*, No. 2:20-cv-00046-KJM-JDP, 2022 WL 1018498, at *5–6 (E.D. Cal. Apr. 5, 2022).

### 2. Analysis

Defendants argue that Plaintiff's first four causes of action are deficient in light of *Landers*. (*See* Mot. at 7–14.) The Court agrees.

#### a. The Unpaid Overtime and Minimum Wage Claims

As for the first and fourth causes of action, which bring a claim for unpaid overtime and unpaid minimum wages, respectively, Plaintiff argues that he states a Labor Code violation, noting that the Second Amended Complaint "alleges an example of a pay period where Plaintiff was not compensated overtime wages for all hours worked." (Opp'n at 5 (citing SAC ¶ 57).) The fourth cause of action does not include a similar allegation. (*See* SAC ¶¶ 86–90.)

Nevertheless, the single additional allegation that includes a specific time period is not enough to state a claim under the first cause of action because *Landers* "require[s] plaintiffs to draw on their memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that [the]

defendant failed to comply with its statutory obligations under the FLSA." *Landers*, 771 F.3d at 643 (discussing *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013), which was relying on *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013)). As in *Turner*, Plaintiff fails to "provide any meaningful detail to give a sense of when the alleged violations happened or how often they happened . . . ." *Turner*, 2022 WL 1018498, at *6. Instead, Plaintiff only alleges in his single representative allegation that he "was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day, including work performed off-the-clock." (SAC ¶ 57.)

As a result, the Court GRANTS Defendants' Motion to Dismiss the first and fourth causes of action. (*See* Mot. at 7–10, 12–14.) Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's first and fourth causes of action.

### b. The Meal and Rest Break Claims

Similarly, Plaintiff argues that the second and third causes of action, which bring meal and rest break claims, respectively, state Labor Code violations because Plaintiff alleges that there were daily violations and provides representative allegations for two weeks. (*See* Opp'n at 6 (citing SAC ¶¶ 31, 33, 67, 79).) However, as before, Plaintiff fails to "allege facts specifically identifying an instance where they were deprived of a meal or rest break." *Perez*, 2022 WL 411422, at *4 (citing *Landers* and *Boyack*).

For the second cause of action's meal break claim, Plaintiff vaguely alleges that "meal periods were either missed, shortened, taken late, and/or were interrupted." (SAC ¶ 67.) Similarly, for the third cause of action, Plaintiff only alleges that, for one week, he "worked more than six hours and did not receive two full uninterrupted paid, off-duty rest periods." (SAC ¶ 79.) Plaintiff alleges that this was because he had to "perform work duties including but not limited to, providing customer service such as answering questions and assisting customers and responding to business-related questions and instructions from supervisors." (*Id.*; *see also id.* ¶ 79 (same).) However, Plaintiff fails to state the approximate frequency of missed rest breaks because of

customer service concerns and why these work duty tasks necessarily interfered with taking timely meal breaks in support of his allegation that there were violations on a "daily basis." (SAC ¶¶ 31, 33, 79.) *Compare with Perez*, 2022 WL 411422, at *5 (collecting cases). Again, the representative allegations in the Second Amended Complaint appear to be weeks selected at random. (*See* SAC ¶¶ 67, 79.) Such allegations do not "raise a claim of entitlement to relief," so "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. at 558 (citations omitted).

Therefore, the Court GRANTS Defendants' Motion to Dismiss the second and third causes of action. (*See* Mot. at 10–12.) The Court thus DISMISSES WITHOUT PREJUDICE Plaintiff's second and third causes of action.

### B. The Fifth and Sixth Causes of Action Also Fail to State a Claim Because They Depend on the First Four Causes of Action

Plaintiff's only argument for the fifth cause of action was that "Plaintiff's SAC adequately alleges that Defendants failed to pay Plaintiff and the other class members for all hours worked at the applicable minimum, base, or overtime rate and for all meal and rest periods owed." (Opp'n at 7.) However, the fifth cause of action for violations of California Labor Code sections 201, 202, and 203 depend on Plaintiff's allegation that he "was not paid at the time of separation all wages earned and unpaid throughout his employment, including but not limited to, minimum wages and overtime wages for time worked off-the-clock and meal and rest period premium payments for short, late, interrupted, and/or missed meal and rest periods." (SAC ¶ 95.) Because the Court concluded that Plaintiff failed to allege a plausible Labor Code violation, the fifth cause of action fails too. *See Turner*, 2022 WL 1018498, at *6.

Similarly, Plaintiff's sixth cause of action depends on the wage statements being inaccurate because Defendants "provided wage statements that did not reflect the time worked off-the-clock or all meal and rest period premiums earned." (SAC ¶ 101.)

1  But the Court concluded that Plaintiff did not allege a Labor Code violation, so Plaintiff
2  cannot allege an inaccurate wage statement claim.  *See Perez*, 2022 WL 411422, at *8.
3      As a result, the Court GRANTS Defendants' Motion to Dismiss the fifth and sixth
4  causes of action.  (*See* Mot. at 14–16.)  Accordingly, the Court DISMISSES WITHOUT
5  PREJUDICE the fifth and sixth causes of action.

### C. The Seventh Cause of Action Fails to State a Claim Under the UCL

7      Plaintiff's seventh cause of action under the UCL "is predicated on Defendants'
8  violations of multiple state laws, including Labor Code sections 203, 226, and 1174[.]"
9  (Opp'n at 9.)  Because the Court concluded that Plaintiff did not plausibly allege a
10 predicate violation, the UCL claim necessarily fails.  *See Turner*, 2022 WL 1018498, at
11 *7.
12     Defendants also requested dismissal without leave to amend with respect to
13 certain theories Plaintiff brings under the UCL.  (*See* Mot. at 16–17; Reply at 10–11.)
14 The Court agrees because "[p]revailing plaintiffs are generally limited to injunctive
15 relief and restitution."  *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20
16 Cal. 4th 163, 179 (1999).
17     As a result, the section 203 claim must be dismissed without leave to amend
18 under the UCL because it "would not 'restore the status quo by returning to the
19 plaintiff funds in which he or she has an ownership interest."  *Pineda v. Bank of Am.,
20 N.A.*, 50 Cal. 4th 1389, 1401 (2010) (quoting *Korea Supply Co. v. Lockheed Martin
21 Corp.*, 29 Cal. 4th 1134, 1149 (2003)).  "Section 203 is not designed to compensate
22 employees for work performed[ ]" but is instead "intended to encourage employers to
23 pay final wages on time, and to punish employers who fail to do so."  *Id*.  So too with
24 penalties and damages under California Labor Code section 226, which are not
25 restitutionary in nature.  *See, e.g.*, *Meraz-Valencia v. Westlake Royal Roofing, LLC*, No.
26 2:22-CV-00491-DAD-AC, 2023 WL 2541852, at *7 (E.D. Cal. Mar. 16, 2023) (collecting
27 cases); *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 334 F.R.D. 234, 267 (E.D. Cal.
28 2019) (same).  And California courts have similarly dismissed UCL claims predicated

on violations of California Labor Code section 1174(d), which only provides for civil penalties. *See, e.g.*, *Byrd v. Masonite Corp.*, 215 F. Supp. 3d 859, 864–65 (C.D. Cal. 2016) (collecting cases). *Accord Dockery v. Citizens Telecom Servs. Co., LLC*, No. 2:21-CV-00416-TLN-CKD, 2023 WL 2752482, at *5 (E.D. Cal. Mar. 31, 2023).

### D. Plaintiff Is Granted Leave to Amend One Last Time

#### 1. Legal Standard

Requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (quoting *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted)). When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of the *Foman* factors, prejudice to the opposing party carries the most weight. *Id.* (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052 (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)).

However, when the district court has already afforded a plaintiff an opportunity to amend the complaint, it has "wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will [its] rulings be disturbed." *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (first quoting *Heay v. Phillips*, 201 F.2d 220, 222 (9th Cir. 1952) (alteration included); and then quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen*, 911 F.2d at 373 (quoting *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). In particular, a district court has been affirmed

for denying leave to amend after only two opportunities to amend as "'only upon gross abuse will [its] rulings be disturbed.'" *Rich*, 823 F.3d at 1209; *see also id.* ("Rich has already been afforded two opportunities to amend and is unable to show that the district court's order constitutes 'gross abuse.'" (quoting *Heay*, 201 F.2d at 222)).

### 2. Analysis

Here, except for Plaintiff's theory of restitution and recovery under the UCL based on California Labor Code sections 203, 226, and 1174(d), the Court cannot conclude that Plaintiff's causes of action "could not possibly be cured by the allegation of other facts." *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012). However, the Court warns Plaintiff that further amendment will not be granted without good cause after this Third Amended Complaint in light of the repeated failure to cure the previous deficiencies. *See Foman*, 371 U.S. at 182.

In particular, the parties have met-and-conferred regarding Plaintiff's allegations on at least two occasions and through two separate motions to dismiss. Yet, the allegations have not substantially changed. The only substantive changes are:

- Allegations including where Plaintiff worked for Defendants and how much he was paid (*compare* ECF No. 1-1 ¶ 20 *with* FAC ¶ 20; SAC ¶ 20);
- Allegations that Defendants inaccurately reported Plaintiff's hours worked "as approximately 45–73 hours per pay period[ ]" (*compare* ECF No. 1-1 ¶¶ 22–24; FAC ¶¶ 22–24 *with* SAC ¶¶ 22–26);
- Allegations that some of these violations "occurred on a daily basis[ ]" or "every time Plaintiff was entitled to receive a wage statement, from April 2022 to April 2023[ ]" (*compare* ECF No. 1-1 ¶¶ 31–33, 35, ; FAC ¶¶ 30, 32, 34, 37 *with* SAC ¶¶ 31, 33, 35, 38); and
- Removing two causes of action from the Second Amended Complaint that were in the original Complaint and the First Amended Complaint.

Thus, despite multiple attempts to bring attention to the deficient allegations, Plaintiff has nevertheless declined to substantively change his allegations.

**CONCLUSION**

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 17).  Plaintiff is GRANTED leave to amend, except with respect to Plaintiff's theory of restitution and recovery under the UCL based on California Labor Code sections 203, 226, and 1174(d).  Plaintiff has 21 days from the docketing of this Order to file his Third Amended Class Action Complaint for Damages.  Defendants will have 21 days after the docketing of the Third Amended Complaint for Damages to file their next responsive pleading.

IT IS SO ORDERED.

Dated:  **August 12, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC3 – Benge.24cv749.MTD

11