Elizabeth Parker-Fawley (Cal. State Bar No. 301592)
        *elizabeth@calljustice.com*
Arman Marukyan (Cal. State Bar No. 327150)
        *arman@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BENGE, individually, and on behalf of other members of the general public similarly situated; | Case No.: 2:24-cv-00749-DJC-DB |
| Plaintiff, | Honorable Daniel J. Calabretta |
| vs. | **THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |
| OFFICE DEPOT, LLC a Delaware limited liability company; OFFICE DEPOT, INC., a Delaware Corporation; THE ODP CORPORATION, a Delaware corporation; and Does 1 through 100, inclusive, | (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); |
| Defendants. | (4) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages); (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); (7) Violation of California Business & Professions Code §§ 17200, et seq. |
| | **DEMAND FOR JURY TRIAL** |

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

COMES NOW, Plaintiff CHRISTOPHER BENGE ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.     This class action was originally brought in the Superior Court for the County of Placer pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The "amount in controversy" for the named Plaintiff, including but not limited to claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

2.     This Court has asserted jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.     This Court has jurisdiction over Defendant because, upon information and belief, Upon information and belief, Defendant is a citizen of CaliforniaDelaware corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District and throughout the State of California. Defendant maintains offices, has agents, and is licensed to transact and does transact business in this District, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

4.    Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the Eastern District of California.

## **PARTIES**

5.    Plaintiff CHRISTOPHER BENGE is an individual residing in the State of California, County of Placer.

6.    Defendant OFFICE DEPOT, LLC, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Placer.

7.    Defendant OFFICE DEPOT, INC., at all times herein mentioned, was and is upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Placer.

8.    Defendant THE ODP CORPORATION, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Placer.

9.    At all relevant times, Defendants OFFICE DEPOT, LLC, OFFICE DEPOT, INC., and the ODP CORPORATION were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

10.   At all times herein relevant, Defendants OFFICE DEPOT, LLC, OFFICE DEPOT, INC., THE ODP CORPRATION, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

11. The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sue said defendants by such fictitious names. Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

12. Defendant OFFICE DEPOT, LLC, OFFICE DEPOT, INC., THE ODP CORPORATION, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

13. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

14. Plaintiff bring this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

15. The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from January 22, 2020 to final judgment.

SUBCLASS A: All class members who worked at an Office Max location in the State of California.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

SUBCLASS B: All class members who worked at an Office Depot location in the State of California.

16.    Plaintiff reserves the right to establish additional subclasses as appropriate.

17.    The class is ascertainable and there is a well-defined community of interest in the litigation:

a.    Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

c.    Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

d.  Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

18.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants' had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.  Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and

the other class members to work during meal and/or rest periods without compensation;

e.   Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.   Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.   Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h.   Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

i.   Whether Defendants kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

j.   Whether Defendants' conduct was willful or reckless;

k.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

l.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m.   Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

## GENERAL ALLEGATIONS

19.   At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California, including the County of Placer.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

20. At all relevant times set forth herein, Defendants employed 26 or more Employees within the State of California.

21. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt "Sales Advisor" and "Service Advisor" at 1607 Douglas Blvd., Roseville, California 95661 from approximately April 2022 to approximately April 2023 in the State of California, County of Placer. During his employment with Defendants, Plaintiff's base rate of pay was initially $16.00 per hour and then $17.00 per hour.

22. Plaintiff worked approximately 5 days a week during his employment with Defendants. Plaintiff's job duties included assisting customers in a retail support role as well as with logistical support, including but not limited to customer's office supply and services needs.

23. Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

24. Defendants are retailers who are in the business of operating and providing products and services through their retail stores and online platforms to sell office related supplies and services. In addition to their retail locations, Defendants operate warehouses in the State of California to support their retail and online business.

25. Defendants inaccurately reported Plaintiff's hours worked for Defendants as approximately 45-73 hours per pay period.

26. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

27. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

joint employers of Plaintiff and the other class members.

28.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

29.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

30.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This uniform pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed, short, late, and/or interrupted meal periods and rest breaks in violation of California law.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked. Defendant's failure includes, *inter alia*, failing to compensate Plaintiff and the other class members for job duties performed before and/or after their scheduled shifts such as providing customer service by responding to customer questions and providing assistance, opening/closing stores/facilities including time spent waiting to access time clocks, and responding to managers'/supervisors' directions and instructions. These additional job duties were performed off-the-clock at the instructions of managers/supervisors and/or in order to comply with Defendants' policies. These additional job duties were performed off-the-clock on approximately a daily basis. Further, Defendants' policies required Plaintiff and class members to perform work off-the-clock. For example, Plaintiff was informed that he could not clock out later than his scheduled shift time unless he received

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

supervisor approval. Further, all overtime hours were required to be pre-approved and were discouraged. Therefore, any work Plaintiff performed after his scheduled hours, including but not limited to, helping customers or responding to work related inquiries from managers/supervisors, were performed after clocking-out.

33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to relieve Plaintiff and other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and other class members a reasonable opportunity to take, and impeded or discouraged them from taking, thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours. This occurred on a daily basis.

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, short, late, and/or interrupted, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, short, late, and/or interrupted.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide, authorize, and permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) hour to fourteen (14) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period. This occurred on a daily basis.

37.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was short, late, interrupted, and/or missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was short, late, interrupted and/or missed.

38.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties, including, but not limited to, providing customer service by responding to customer questions and providing assistance, opening/closing stores/facilities including time spent waiting to access time clocks, and responding to managers'/supervisors' directions and instructions. These additional job duties were performed off-the-clock at the instructions of managers/supervisors and/or in order to comply with Defendants' policies. These additional job duties were performed off-the-clock on approximately a daily basis. Further, Defendants' policies required Plaintiff and class members to perform work off-the-clock. For example, Plaintiff was informed that he could not clock out later than his scheduled shift time unless he received supervisor approval. Therefore,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   any work Plaintiff performed after his scheduled hours, including but not limited
2   to, helping customers or responding to work related inquiries from
3   managers/supervisors, were performed after clocking-out.

4      39.   Plaintiff is informed and believes, and based thereon alleges, that
5   Defendants knew or should have known that Plaintiff and the other class members
6   were entitled to receive all wages owed to them upon discharge or resignation,
7   including overtime and minimum wages and meal and rest period premiums, and
8   they did not, in fact, receive all such wages owed to them at the time of their
9   discharge or resignation.

10     40.   Plaintiff is informed and believes, and based thereon alleges, that
11  Defendants knew or should have known that Plaintiff and the other class members
12  were entitled to receive all wages owed to them during their employment.  Plaintiff
13  and the other class members did not receive payment of all wages, including
14  overtime and minimum wages and meal and rest period premiums, within any time
15  permissible under California Labor Code section 204.

16     41.   Plaintiff is informed and believes, and based thereon alleges, that
17  Defendants knew or should have known that Plaintiff and the other class members
18  were entitled to receive complete and accurate wage statements in accordance with
19  California law, but, in fact, they did not receive complete and accurate wage
20  statements from Defendants. The deficiencies included, *inter alia*, the failure to
21  include the accurate total number of hours worked by Plaintiff and other class
22  members and the accurate net and gross wages actually earned by Plaintiff and the
23  other class members, this violation occurred to Plaintiff every time Plaintiff was
24  entitled to receive a wage statement, from approximately April 2022 to April 2023.

25     42.   Plaintiff is informed and believes, and based thereon alleges, that
26  Defendants knew or should have known that Defendants had to keep complete and
27  accurate payroll records for Plaintiff and the other class members in accordance
28  with California law, but, in fact, did not keep complete and accurate payroll

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  records. Defendants' failure included, *inter alia*, the failure to keep accurate

2  records of the hours actually worked by Plaintiff and the other class members,

3  including, but not limited to, hours worked off-the-clock.

4       43.   Plaintiff is informed and believes, and based thereon alleges, that

5  Defendants knew or should have known that they had a duty to compensate

6  Plaintiff and the other class members pursuant to California law, and that

7  Defendants had the financial ability to pay such compensation, but willfully,

8  knowingly, and intentionally failed to do so, and falsely represented to Plaintiff

9  and the other class members that they were properly denied wages, all in order to

10 increase Defendants' profits.

11      44.   Specifically, Plaintiff is informed and believes, and based thereon

12 alleges, that Defendants failed to pay Plaintiff for all regular and/or overtime wages

13 earned and for missed, shortened, late, and/or interrupted meal periods and/or rest

14 breaks in violation of California law as they pertained to Plaintiff's employment

15 with Defendants on several following occasions, including but not limited to the

16 following pay periods:

17           a.   04/24/2022 through 05/07/2022: one (1) meal premium paid,

18                however, Defendants failed to pay Plaintiff premium wages for

19                all of Plaintiff's missed, shortened, late, and/or interrupted meal

20                periods and/or rest breaks, which Plaintiff suffered on a daily

21                basis. Additionally, Defendants failed to pay Plaintiff accurate

22                wages for work performed off-the-clock, including but not

23                limited to, providing customer service by responding to

24                customer questions and providing assistance, and responding to

25                managers'/supervisors' directions and instructions.

26           b.   05/08/2022 through 05/21/2022

27           c.   05/22/2022 through 06/04/2022

28 ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

d.    06/05/2022 through 06/18/2022: one (1) rest break premium paid, however, Defendants failed to pay Plaintiff premium wages for all of Plaintiff's missed, shortened, late, and/or interrupted meal periods and/or rest breaks, which Plaintiff suffered on a daily basis. Additionally, Defendants failed to pay Plaintiff accurate wages for work performed off-the-clock, including but not limited to, providing customer service by responding to customer questions and providing assistance, and responding to managers'/supervisors' directions and instructions.

e.    06/19/2022 through 07/02/2022

f.    07/03/2022 through 07/16/2022: one (1) rest break premium paid, however, Defendants failed to pay Plaintiff premium wages for all of Plaintiff's missed, shortened, late, and/or interrupted meal periods and/or rest breaks, which Plaintiff suffered on a daily basis. Additionally, Defendants failed to pay Plaintiff accurate wages for work performed off-the-clock, including but not limited to, providing customer service by responding to customer questions and providing assistance, and responding to managers'/supervisors' directions and instructions.

g.    07/17/2022 through 07/30/2022

h.    07/31/2022 through 08/13/2022: one (1) rest break premium paid, however, Defendants failed to pay Plaintiff premium wages for all of Plaintiff's missed, shortened, late, and/or interrupted meal periods and/or rest breaks, which Plaintiff suffered on a daily basis. Additionally, Defendants failed to pay Plaintiff accurate wages for work performed off-the-clock,

including but not limited to, providing customer service by responding to customer questions and providing assistance, and responding to managers'/supervisors' directions and instructions.

i.     08/14/2022 through 08/27/2022

j.     08/28/2022 through 09/10/2022

k.    09/11/2022 through 09/24/2022

l.     09/25/2022 through 10/08/2022

m.    10/09/2022 through 10/22/2022: one (1) rest break premium paid, however, Defendants failed to pay Plaintiff premium wages for all of Plaintiff's missed, shortened, late, and/or interrupted meal periods and/or rest breaks, which Plaintiff suffered on a daily basis. Additionally, Defendants failed to pay Plaintiff accurate wages for work performed off-the-clock, including but not limited to, providing customer service by responding to customer questions and providing assistance, and responding to managers'/supervisors' directions and instructions.

n.     10/23/2022 through 11/05/2022

o.     11/06/2022 through 11/19/2022

p.     11/20/2022 through 12/03/2022

q.     12/04/2022 through 12/17/2022

r.     12/18/2022 through 13/31/2022: wages for some overtime compensation paid, however, Defendants failed to pay Plaintiff for all overtime hours worked, including but not limited to, for work performed off-the-clock. Furthermore, Plaintiff was not paid for time worked off-the-clock and, therefore, was not paid his minimum wages. Work performed off-the-clock included,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

but was not limited to, providing customer service by responding to customer questions and providing assistance, and responding to managers'/supervisors' directions and instructions. Additionally, Defendants failed to pay Plaintiff premium wages for all of Plaintiff's missed, shortened, late, and/or interrupted meal periods and/or rest breaks, which Plaintiff suffered on a daily basis.

s.  01/01/2023 through 01/14/2023

t.  01/15/2023 through 01/28/2023

u.  01/29/2023 through 02/11/2023: wages for some overtime compensation paid, however, Defendants failed to pay Plaintiff for all overtime hours worked, including but not limited to, for work performed off-the-clock. Furthermore, Plaintiff was not paid for time worked off-the-clock and, therefore, was not paid his minimum wages. Work performed off-the-clock included, but was not limited to, providing customer service by responding to customer questions and providing assistance, and responding to managers'/supervisors' directions and instructions. Additionally, Defendants failed to pay Plaintiff premium wages for all of Plaintiff's missed, shortened, late, and/or interrupted meal periods and/or rest breaks, which Plaintiff suffered on a daily basis.

v.  02/12/2023 through 02/25/2023

w.  02/26/2023 through 03/11/2023

x.  03/12/2023 through 03/25/2023: one (1) rest break premium paid, however, Defendants failed to pay Plaintiff premium wages for all of Plaintiff's missed, shortened, late, and/or interrupted meal periods and/or rest breaks, which Plaintiff

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

suffered on a daily basis. Additionally, Defendants failed to pay Plaintiff accurate wages for work performed off-the-clock, including but not limited to, providing customer service by responding to customer questions and providing assistance, and responding to managers'/supervisors' directions and instructions.

y.   03/26/2023 through 04/08/2023: one (1) rest break premium paid, however, Defendants failed to pay Plaintiff premium wages for all of Plaintiff's missed, shortened, late, and/or interrupted meal periods and/or rest breaks, which Plaintiff suffered on a daily basis. Additionally, Defendants failed to pay Plaintiff accurate wages for work performed off-the-clock, including but not limited to, providing customer service by responding to customer questions and providing assistance, and responding to managers'/supervisors' directions and instructions. Furthermore, Plaintiff was not timely paid his final wages.

45.   Plaintiff is informed and believes, and based thereon alleges, that work performed by Plaintiff and the class members, including but not limited to off-the-clock work, was performed with Defendants' knowledge and occurred on a daily basis.

46.   Plaintiff is informed and believes, and based thereon alleges, that Plaintiff and the other class members were not timely paid their wages, including their final wages, due to Defendants' failure to pay the appropriate amount of regular and/or overtime wages earned and for missed, shortened, late, and/or interrupted meal periods and/or rest breaks in violation of California law in at least the above-referenced time periods.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

47.     Plaintiff is informed and believes, and based thereon alleges, that unpaid regular and/or overtime wages earned, and missed, shortened, late, and/or interrupted meal periods and/or rest breaks in violation of California law, included, but were not limited to, occasions Plaintiff and the other class members spent responding to business-related inquiries and attending to tasks that were required to be completed such as assisting customers and responding to manager/supervisor requests.

48.     During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

49.     During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

50.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

51.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

52.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

53.     During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

54.     During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

///

///

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

55. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

56. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against OFFICE DEPOT, LLC, OFFICE DEPOT, INC.,**

**THE ODP CORPORATION, and DOES 1 through 100)**

57. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 56, and each and every part thereof with the same force and effect as though fully set forth herein.

58. California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

59. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

60. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

61.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

62.    During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week, including, but not limited to, responding to business-related inquiries and attending to tasks that were required to be completed such as assisting customers. At the direction of Defendants, Plaintiff and the other class members performed such work regularly during each shift in which they worked. Specifically, Plaintiff was required to perform work duties off-the-clock, such as rresponding to customer questions and providing assistance, opening/closing stores/facilities including time spent waiting to access time clocks, and responding to managers'/supervisors' directions and instructions.

63.    During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members. Plaintiff and the other class members did not receive overtime compensation at one and one-half times their regular hourly rate of pay for all hours spent performing job duties in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work.  By way of example, during the pay period of January 29, 2023 through February 11, 2023, Plaintiff was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day and/or forty (40) hours per week, including work performed off-the-clock.

64.    Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates

1  the provisions of California Labor Code sections 510 and 1198, and is therefore

2  unlawful.

3      65.    Pursuant to California Labor Code section 1194, Plaintiff and the other

4  class members are entitled to recover unpaid overtime compensation, as well as

5  interest, costs, and attorneys' fees.

6                        **SECOND CAUSE OF ACTION**

7             **(Violation of California Labor Code §§ 226.7 and 512(a))**

8             **(Against OFFICE DEPOT, LLC, OFFICE DEPOT, INC.,**

9             **THE ODP CORPORATION, and DOES 1 through 100)**

10     66.    Plaintiff incorporates by reference the allegations contained in

11  paragraphs 1 through 65, and each and every part thereof with the same force and

12  effect as though fully set forth herein.

13     67.    At all relevant times, the IWC Order and California Labor Code

14  sections 226.7 and 512(a) were applicable to Plaintiff's and the other class

15  members' employment by Defendants.

16     68.    At all relevant times, California Labor Code section 226.7 provides

17  that no employer shall require an employee to work during any meal or rest period

18  mandated by an applicable order of the California IWC.

19     69.    At all relevant times, the applicable IWC Wage Order and California

20  Labor Code section 512(a) provide that an employer may not require, cause or

21  permit an employee to work for a work period of more than five (5) hours per day

22  without providing the employee with a meal period of not less than thirty (30)

23  minutes, except that if the total work period per day of the employee is no more

24  than six (6) hours, the meal period may be waived by mutual consent of both the

25  employer and employee.

26     70.    At all relevant times, the applicable IWC Wage Order and California

27  Labor Code section 512(a) further provide that an employer may not require, cause

28  or permit an employee to work for a work period of more than ten (10) hours per

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

71.   During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted, off-duty meal period of not less than thirty (30) minutes and/or rest period.

72.   During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted, off-duty meal period of not less than thirty (30) minutes and/or rest period.

73.   During the relevant time period, Plaintiff and the other class members' meal periods were missed, shortened, taken late, and/or were interrupted because Defendant required them to perform work duties including but not limited to, providing customer service such as answering questions and assisting customers and responding to business-related questions and instructions from supervisors. By way of example, during the pay period from February 26, 2023 through March 11, 2023, Plaintiff's meal periods were missed, shortened, taken late, and/or were interrupted, and Plaintiff did not waive his meal period during such work periods.

74.   As a result, Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting more than five (5) hours, and/or to take second thirty (30) ///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours.

75.     During the relevant time period, Defendants' written policies did not provide an additional hour of pay at the employee's regular rate of pay for meal period violations. In particular, Defendants' written policies did not provide for an additional hour of pay at any rate of pay for meal periods that commenced after more than five hours or ten hours had been worked.

76.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

77.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

78.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

79.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

**(Violation of California Labor Code § 226.7)**

**(Against OFFICE DEPOT, LLC, OFFICE DEPOT, INC.,**

**THE ODP CORPORATION, and DOES 1 through 100)**

80.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 79, and each and every part thereof with the same force and effect as though fully set forth herein.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

81.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

82.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

83.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

84.    During the relevant time period, Defendants required Plaintiff and other class members to work three and one-half (3½) or more hours without authorizing or permitting an off-duty, net ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked.

85.    During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or interrupted because Defendants required them to perform work duties including, but not limited to providing customer service such as responding to questions and providing assistance and responding to business-related questions and instructions from supervisors on a daily basis. Further, Defendants' written policies required employees to clock out for rest periods, despite their entitlement to pay during rest periods. Defendants failed to authorize or permit Plaintiff and the other class members or failed to relinquish control over Plaintiff and the other class members' activities in order to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-

duty rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.  By way of example, the week of March 26, 2023, Plaintiff worked more than six (6) hours in a day and did not receive two full uninterrupted, paid, off-duty ten (10) minute rest periods.

86.   On information and belief, Class Members were pressured to complete their work duties according to a schedule such that rest periods were only taken as time permitted.

87.   During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods. For example, throughout his employment with Defendants, although Plaintiff was not authorized and permitted to take full, uninterrupted, off-duty rest periods for each shift of at least three and one-half (3 ½) hours but less than four (4) hours worked, or major fraction thereof, he was not provided with rest period premium payments.

88.   During the relevant time period, Defendants' written policies did not provide an additional hour of pay at the employee's regular rate of pay for rest period violations. In particular, Defendants' written policies did not provide for an additional hour of pay at any rate of pay for rest periods that were not authorized and permitted to be taken before the end of the fourth or eighth hour of work.

89.   During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

90.   Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

91.   Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

<u>**FOURTH CAUSE OF ACTION**</u>

**(Violation of California Labor Code §§ 1194 & 1197)**

**(Against OFFICE DEPOT, LLC, OFFICE DEPOT, INC.,**

**THE ODP CORPORATION, and DOES 1 through 100)**

92.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 91, and each and every part thereof with the same force and effect as though fully set forth herein.

93.     At all relevant times, California Labor Code sections 1194 and 1197 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

94.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194 and1197. The applicable minimum wage in California for employers with 26 or more employees were: beginning January 1, 2020, $13.00 an hour; beginning January 1, 2021, $14.00 an hour; beginning January 1, 2022, $15.00 an hour, beginning January 1, 2023, $15.50 an hour, beginning January 1, 2024, $16.00 an hour. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off-the-clock performing work duties including, but not limited to, providing customer service by responding to customer questions and providing assistance, opening/closing stores/facilities including time spent waiting to access time clocks, and responding to business-related questions and instructions from managers/supervisors. Plaintiff spent time performing work duties off-the-clock before and after his scheduled shifts and during unpaid meal breaks throughout his employment with Defendants.

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

95.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194 and 1197. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

96.     Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

97.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**<u>FIFTH CAUSE OF ACTION</u>**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against OFFICE DEPOT, LLC, OFFICE DEPOT, INC.,**

**THE ODP CORPORATION, and DOES 1 through 100)**

98.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 97, and each and every part thereof with the same force and effect as though fully set forth herein.

99.     At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

100.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who were discharged, or who provided at least seventy-two (72) hours' notice of their intention to quit, their wages, earned and unpaid, immediately at the time of their discharge or separation. Plaintiff was not paid at the time of his discharge on approximately April 2023 wages earned and unpaid throughout his employment, including but not limited to, minimum and overtime wages for time worked off-the-clock to perform work duties including, but not limited to, responding to business-related inquiries and attending to tasks that were required to be completed such as assisting customers.

101.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ. Other class members were not given at the time of leaving Defendants' employment all of the wages earned and unpaid throughout their employment, including but not limited to, minimum and overtime wages for time worked off-the-clock completing work duties including, but not limited to, business, related inquries and attending to tasks that were required to be completed such as assisting customers.

102.   Plaintiff was not paid at the time of his separation all wages earned and unpaid throughout his employment, including but not limited to, minimum wages and overtime wages for time worked off-the-clock and meal and rest period premium payments for short, late, interrupted, and/or missed meal and rest periods.

103.   Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

104.   California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

105.   Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against OFFICE DEPOT, LLC, OFFICE DEPOT, INC.,
### THE ODP CORPORATION, and DOES 1 through 100)

106.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 105, and each and every part thereof with the same force and effect as though fully set forth herein.

107.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  employer for at least three years at the place of employment or at a central location

2  within the State of California.

3      108.   Defendants have intentionally and willfully failed to provide Plaintiff

4  and the other class members with complete and accurate wage statements. The

5  deficiencies include, but are not limited to: the failure to include the accurate total

6  number of hours worked by Plaintiff and the other class members.  As the employer

7  willfully requiring work to be performed off-the-clock and failing to provide,

8  authorize, and/or permit compliant meal and rest periods or to pay all premium

9  wages owed for such failure, Defendants had the information necessary to provide

10  wage statements that accurately reflected the total number of hours actually worked

11  and the actual gross and net wages earned, yet failed to do so on a systematic basis

12  and instead provided wage statements that did not reflect the time worked off-the-

13  clock or all meal and rest period premiums earned.

14      109.   As a result of Defendants' violation of California Labor Code section

15  226(a), Plaintiff and the other class members have suffered injury and damage to

16  their statutorily-protected rights. Because Plaintiff and the other class members'

17  wage statements did not reflect the accurate number of hours worked, Plaintiff and

18  the putative class members were unable to determine the total amount of hours they

19  worked, were unable to determine the total amount of compensation they were owed,

20  and were unable to verify they were paid the proper amount. In order to determine

21  how much Plaintiff and the other class members should have been paid, Plaintiff and

22  the other class members would have had to engage in discovery and mathematical

23  computations in order to reconstruct the missing information.

24      110.   More specifically, Plaintiff and the other class members have been

25  injured by Defendants' intentional and willful violation of California Labor Code

26  section 226(a) because they were denied both their legal right to receive, and their

27  protected interest in receiving, accurate and itemized wage statements pursuant to

28  California Labor Code section 226(a).

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

111.   Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

112.   Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

**SEVENTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code §§ 17200, et seq.)**

**(Against OFFICE DEPOT, LLC, OFFICE DEPOT, INC.,**

**THE ODP CORPORATION, and DOES 1 through 100)**

113.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 112, and each and every part thereof with the same force and effect as though fully set forth herein.

114.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

115.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

116.   A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, and 1197. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, 202 and 204.

117.   As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

118.   Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

119.   Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences January 22, 2020; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

## Class Certification

1.   That this action be certified as a class action;

2.   That Plaintiff be appointed as the representative of the Class;

3.   That counsel for Plaintiff be appointed as Class Counsel; and

///

4.     That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

**As to the First Cause of Action**

5.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.     For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226.7(b);

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.   For reasonable attorneys' fees and costs of suit incurred herein; and

16.   For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

17.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.   That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.   For all actual, consequential, and incidental losses and damages, according to proof;

20.   For premium wages pursuant to California Labor Code section 226.7(b);

21.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.   For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, and 1197 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.   For general unpaid wages and such general and special damages as may be appropriate;

25.   For pre-judgment interest on any unpaid compensation from the date such amounts were due;

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

26.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

27.   For liquidated damages pursuant to California Labor Code section 1194.2; and

28.   For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

29.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

30.   For all actual, consequential, and incidental losses and damages, according to proof;

31.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employment;

32.   For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.   For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

34.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

35.   For actual, consequential and incidental losses and damages, according to proof;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

36.    For statutory penalties pursuant to California Labor Code section 226(e);

37.    For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

38.    For such other and further relief as the Court may deem just and proper.

### As to the Seventh Cause of Action

39.    That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code sections 201, 202 and 204.

40.    For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

41.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, et seq.;

42.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

///

///

///

///

///

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

43.     For such other and further relief as the Court may deem just and proper.

Dated: September 3, 2024                    **LAWYERS *for* JUSTICE, PC**


By: /s/Arman Marukyan
    Elizabeth Parker-Fawley
    Arman Marukyan
    *Attorneys for* Plaintiff

THIRD AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL