UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BENGE, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | No. 2:24-cv-00749-DJC-SCR<br><br><br><br>ORDER |

    Plaintiff Christopher Benge brings his Third Amended Class Action Complaint against Defendants Office Depot, LLC, Office Depot, Inc., and the ODP Corporation, alleging that Defendants violated various California Labor Code provisions and California's Unfair Competition Law.  The Court previously granted dismissal of these claims but gave Plaintiff leave to file an amended complaint.  Defendants now seek dismissal without leave to amend, arguing Plaintiff has again failed to state his claims.

    For the reasons set forth below, the Court will grant Defendants' motion and dismiss Plaintiff's claims.  However, given Plaintiff's efforts thus far to meet the concerns expressed in the Court's prior order, the Court will grant Plaintiff one final chance to sufficiently state a claim under Federal Rule of Civil Procedure 8.

**BACKGROUND**

**I.    Factual Background**

Plaintiff worked for Defendants as an hourly-paid, non-exempt Sales Advisor and Service Advisor from April 2022 to April 2023.  (*See* Third Am. Class Action Compl. ("TAC") (ECF No. 26) ¶¶ 5, 21.)  Defendants are retailers in the business of operating and providing products and services through their retail stores and online platforms to sell office related services and supplies.  (*Id.* ¶ 24.)  Plaintiff alleges that Defendants violated California's Labor Code and various Wage Orders of the Industrial Welfare Commission by: (1) failing to pay overtime; (2) failing to provide meal breaks; (3) failing to provide rest breaks; (4) failing to pay the minimum wage; (5) failing to pay all unpaid wages upon discharge; and (6) failing to provide accurate wage statements.  (*Id.* ¶¶ 57–112.)  Plaintiff also alleges that Defendants violated California's Unfair Competition Law because of the predicate Labor Code violations.  (*Id.* ¶¶ 113–19.)

**II.    Procedural Background**

Plaintiff first filed his Class Action Complaint in Placer County Superior Court.  (*See* ECF No. 1.)  Following removal to this Court, Defendants filed their first motion to dismiss.  (*See* ECF No. 8.)  Prior to any ruling on that motion, Plaintiff filed his First Amended Class Action Complaint (ECF No. 12), which was replaced by his Second Amended Class Action Complaint following the Parties' joint stipulation (*see* ECF Nos. 13–14, 16).

Defendants again moved to dismiss Plaintiff's claims.  (ECF No. 17.)  The Court granted dismissal, finding Plaintiff had not adequately met the pleading standard set forth in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015), but granted Plaintiff leave to amend his claims.  (Dismissal Order (ECF No. 25) at 4–10.)  Plaintiff filed his operative Third Amended Class Action Complaint on September 3, 2024.

////

Defendants moved to dismiss Plaintiff's claims without leave to amend on September 24, 2024, arguing Plaintiff has failed to adequately plead his claims pursuant to the Court's guidance in its prior dismissal order. (Mot. Dismiss (ECF No. 29) at 8–17.) The matter was submitted without oral argument pursuant to Local Rule 230(g) on January 3, 2025. (ECF No. 34.)

## LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief[,]" the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *See id.* This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

## ANALYSIS

As this Court previously explained, *Landers* sets forth the pleading standard for Plaintiff's first through fourth causes of action brought under the Labor Code. (*See*

Dismissal Order at 4–5); *see also Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016) ("Although *Landers* discussed FLSA claims, its reasoning applies to California Labor Code claims as well."); *Boyack v. Regis Corp.*, 812 F. App'x 428 (9th Cir. 2020) (unpublished) (applying *Landers* to unpaid overtime, minimum wage, and rest break violation claims under the Labor Code). Further, Plaintiff's fifth through seventh causes of action are derivative of Plaintiff's first through fourth. (*See* Dismissal Order at 7–9.) Thus, to the extent that Plaintiff has failed to state his first through fourth causes of action under *Landers*, Plaintiff's fifth through seventh causes of action will also be dismissed.

Under *Landers*, "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." 771 F.3d at 644–45 (collecting cases). As the *Landers* court held:

> A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility . . . . Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.

771 F.3d at 645. While plaintiffs are not "expected to allege 'with mathematical precision' the amount of overtime compensation owed by the employer," "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Id.* at 645–46.

////

Having reviewed the allegations in Plaintiff's Third Amended Class Action Complaint, the Court finds Plaintiff has not sufficiently amended his claims to comply with *Landers* and this Court's prior guidance. Accordingly, as discussed further below, the Court will again dismiss Plaintiff's claims.

### I.     The Unpaid Overtime and Minimum Wage Claims

The Court previously dismissed Plaintiff's first and fourth causes of action for unpaid overtime and minimum wages because Plaintiff failed to adequately plead a representative week when he experienced overtime and minimum wage violations. (Dismissal Order at 5–6.) Specifically, the Court noted that *Landers* counsels plaintiffs to draw on their memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest the defendant failed to comply with their obligations under the Labor Code. (*Id*.) The Court found Plaintiff's overtime allegations, that from "January 29, 2023 through February 11, 2023, Plaintiff was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day, including work performed off-the-clock" to be insufficient, finding Plaintiff had failed to provide any meaningful detail as to when the alleged violations occurred or how often they occurred. (*Id*. at 6.) The Court also noted Plaintiff had failed entirely to plead a representative week for his minimum wage claim. (*Id*. at 5.)

In response, Plaintiff has not substantively amended his allegations concerning a representative workweek during which overtime and minimum wage violations occurred. He still alleges in a conclusory fashion that by "way of example, during the pay period of January 29, 2023 through February 11, 2023, Plaintiff was not compensated at an overtime rate for all time worked in excess of eight (8) hours per day and forty (40) hours per week, including work performed off-the-clock." (TAC ¶ 63.) Plaintiff also fails to allege a representative week for his minimum wage claim. (*See id*. ¶¶ 92–97.) However, Plaintiff has alleged further general details that bear on his overtime and minimum wage claims. For example, in addition to his previous allegations that he worked approximately 45–73 hours per pay period (i.e., two weeks)

5

for first $16, then $17, dollars per hour, Plaintiff now alleges that he worked approximately 5 days a week. (*Id.* ¶¶ 21–22, 25.) Plaintiff also adds additional context to the job duties he was required to perform off-the-clock, alleging that he was required by his supervisors and Defendants' policies to assist customers, open and close stores, and respond to his supervisors' directions and instructions without compensation. (*Id.* ¶¶ 32, 38.) He further alleges he was required to perform this unpaid work on an approximately daily basis, and that he performed this work off-the-clock because overtime hours required supervisor pre-approval and were discouraged. (*Id.*) Finally, Plaintiff lists the pay periods during which he was not paid for all overtime and minimum wages earned, which appear to be all the pay periods during the year he was employed. (*Id.* ¶¶ 44, 63.)

These allegations are an improvement on those in Plaintiff's Second Amended Class Action Complaint. However, they still fall short of the *Landers'* mark. As this Court previously explained, the Ninth Circuit in *Landers* cited with approval the Second Circuit's admonition that plaintiffs must "draw on their memory and personal experience to develop factual allegations with sufficient specificity that they plausibly suggest that [the] defendant failed to comply with its statutory obligations under the [Labor Code]." *Landers*, 771 F.3d at 643 (citing *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 90 (2d Cir. 2013).) *Landers* does not require a plaintiff to state with "mathematical precision" the amount of overtime or minimum wage compensation owed by a defendant, but it does require a plaintiff to provide some "detail regarding a given workweek when [plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.* at 646.

Consistent with *Landers*, to state a claim for overtime wages, a plaintiff must sufficiently identify tasks for which they were not paid and plausibly allege that they worked for more than the statutory period without compensation. *See Tinnin v. Sutter Valley Med. Found.*, 647 F. Supp. 3d 864, 869–70 (E.D. Cal. 2022) (examining FLSA claim to determine whether plaintiff adequately identified tasks and adequately

6

1 alleged that such tasks pushed plaintiff's workweek beyond 40 hours). Here, Plaintiff
2 alleges the type of work he performed off-the-clock, that he was required to perform
3 this work on an approximately daily basis, that he worked approximately 5 days a
4 week, and that he worked approximately 45–73 hours per two-week pay period. (*See*
5 TAC ¶¶ 22, 25, 32, 38, 44.) Plaintiff also generally alleges he worked over 8 hours a
6 day and 40 hours a week during his employment with Defendants. (*Id.* ¶ 30.)
7 However, these allegations fail to provide sufficient detail to infer that Plaintiff is owed
8 overtime wages for his time worked off-the-clock. For example, assuming based on
9 Plaintiff's allegations that he worked for 73 hours over 10 days in 2-week period,
10 Plaintiff would have only worked an average of 7.3 hours a day or 36.5 hours a week.
11 Accordingly, if Plaintiff was only required to perform a few minutes of off-the-clock
12 work each day, Plaintiff would not necessarily be entitled to overtime wages.
13       In comparison, in *Tavares v. Cargill Inc.*, No. 1:20-cv-0679-JLT-SKO, 2019 WL
14 2918061 (E.D. Cal. July 8, 2019), another court in this district found a claim for
15 overtime wages was not plausible where the plaintiff alleged "[she] and others worked
16 overtime," and off-the-clock work was "regularly required." *Id.* at *3–4. The plaintiff
17 had alleged "[she] and other class members worked over eight hours in a day and/or
18 forty hours in a week during their employment with defendants." *Id.* at *1 (internal
19 quotation marks omitted). In addition, the plaintiff asserted they "were regularly
20 required to perform unpaid work before clocking in and after clocking out for each
21 shift due to time spent donning and doffing necessary uniforms and equipment." *Id.*
22 However, the plaintiff did not allege "the typical work schedule or the approximate
23 number of hours worked during any given period." *Id.* at *4. As a result, the court
24 found that, even considering the allegations of off-the-clock work, the claim failed
25 because plaintiff did not allege facts supporting a conclusion that the off-the-clock
26 work should have been compensated as overtime. *Id.*
27       Similarly here, Plaintiff fails to provide details regarding his typical work
28 schedule. *Cf. Boone v. Amazon.com Servs., LLC*, 562 F. Supp. 3d 1103, 1123 (E.D. Cal.

7

2022) (plaintiffs stated overtime wage claim by alleging they were uncompensated for COVID-19 screenings and providing their work schedule); *Ellsworth v. Schneider Nat'l Carriers, Inc.*, No. 2:20-cv-01699-SB (SPx), 2020 WL 8773059, at *5 (C.D. Cal. Dec. 11, 2020) (plaintiff stated overtime wage claim by offering details about his work schedule, his duties performed off the clock, and the frequency and duration of his off-the-clock work). Nor does he provide an estimate of the amount of time he spent on uncompensated tasks. *See, e.g., Edwards v. Costco Wholesale Corp.*, No. EDCV21716MWFKKX, 2021 WL 3130043, at *5 (C.D. Cal. July 23, 2021) (dismissing minimum wage claim because plaintiff provided "no context regarding how many minutes or hours Plaintiff allegedly worked off the clock, or how often it allegedly happened"); *cf. Barajas v. Blue Diamond Growers Inc.*, No. 1:20-cv-00679-KJM-JDP, 2024 WL 4443073, at *4 (E.D. Cal. Oct. 8, 2024) (plaintiffs stated overtime wage claim when they offered examples of pay periods during which they worked for more than 40 hours, alleged they had to put on protective gear at the beginning and end of every shift and, and estimated how much time these tasks took on average every week); *Gordon v. Abbott Vascular Inc.*, No. 522CV-01438MCSSHK, 2023 WL 2627739, at *3 (C.D. Cal. Jan. 30, 2023) (plaintiff stated overtime wage claim by alleging that, in particular workweek, defendant failed to pay overtime wages for six minutes spent each workday donning protective gear). Without these details the Court cannot plausibly infer Plaintiff experienced overtime wage violations.

Plaintiff's minimum wage claim suffers from similar deficiencies. To allege a minimum wage claim under *Landers*, a plaintiff must, at minimum, allege their hourly wages paid and the amount of off-the-clock work required in order to demonstrate their wages paid fell below the applicable minimum wage. *See, e.g., Hines v. Constellis Integrated Risk Mgt.*, No. 2:20-cv-06782 JWH-PLAx, 2021 WL 4432833 (C.D. Cal. Aug. 24, 2021); *Dawson v. One Call Med.*, No. 3:20-cv-01188-LAB-KSC, 2021 WL 5513516 (S.D. Cal. Sept. 21, 2021). For example, in *Dawson*, the plaintiff alleged he was paid "an hourly wage of $10.00, but only after the first hour of waiting, which

8

wasn't compensated." 2021 WL 5513516 at *1. The court observed that "$10.00 was the minimum wage in both Los Angeles and California as a whole" during the applicable period. *Id.* at *4. Construing the allegations in the light most favorable to plaintiff, the court explained that because plaintiff alleged "he wasn't paid any wage for the first hour of work spent waiting," once that hour was added to the time that should be compensated, it brought "his average hourly wage below the $10.00 per hour he was paid for subsequent hours." *Id.* Thus, the court concluded plaintiff "sufficiently alleges that his compensation was below the minimum wage." *Id.*

In *Hines*, on the other hand, the plaintiff failed to allege facts sufficient to support a conclusion that he was paid below minimum wage. The plaintiff alleged the defendants "did not pay him a minimum wage for all of the time that he worked because Defendants allegedly did not permit employees to clock-in for pre- and post-shift activities," including "donning and doffing [a] uniform." *Id.* at *4. The plaintiff also alleged "on information and belief[,] that on February 11, 2019, Defendants failed to compensate him for at least the minimum wage." *Id.* However, the court found the plaintiff's assertion that "Defendants allegedly failed to pay him the minimum wage, . . . [was] not supported by any evidentiary facts." *Id.* Further, the court observed that while the plaintiff alleged he was not permitted to record time for donning and doffing, the plaintiff did not "allege any details about the purported detrimental rounding policy that would demonstrate that his hourly rate of $28.76 fell below the minimum wage" due to the unrecorded time. *Id.* Accordingly, the court dismissed the plaintiff's claim for minimum wage violations. *Id.* at *5.

As in *Hines*, although Plaintiff has alleged information regarding his hourly pay rates, (TAC ¶ 21), and has alleged the applicable minimum wage rates from 2020 through 2024, (*id.* ¶ 94), he has not estimated the amount of time spent on his off-the-clock tasks. Thus, the allegations are insufficient to support a conclusion that Plaintiff was paid less than the minimum wage in violation of California law. *See Dawson*, 2021 WL 5513516, at *4–5; *Boyack*, 812 Fed. App'x at 430–31 (affirming dismissal where the

plaintiff failed to include factual allegations supporting a conclusion that she "received less than minimum wages for all hours worked").

The Court previously advised Plaintiff further amendment of his claims would not be granted without good cause "in light of [his] repeated failure to cure the previous deficiencies." (Dismissal Order at 10.)  Although Plaintiff has not yet plausibly alleged overtime and minimum wage claims, he has provided further context for the alleged violations by alleging the type of work he was required to perform off-the-clock, explaining that he worked approximately five days a week, and providing the pay periods in which the alleged violations occurred.  (*See* TAC ¶¶ 22, 32, 38, 44.)  Given these allegations, further amendment may not be futile.  *See, e.g., Reyes v. Costco Wholesale Corp.*, No. 2:24-cv-00300-KES-HBK, 2024 WL 3105624, at *7 (E.D. Cal. June 24, 2024); *see also Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (holding dismissal without leave to amend improper unless claims "could not possibly be cured by the allegation of other facts").  Thus, the Court will grant Plaintiff one final chance to amend these claims in line with the Court's further guidance above.

## II.    The Meal and Rest Break Claims

The Court previously dismissed Plaintiff's second and third causes of action for unpaid meal and rest breaks because, as with Plaintiff's overtime and minimum wage claims, he failed to allege facts specifically identifying an instance where he was deprived of a meal or rest break. (Dismissal Order at 6–7.)  Rather, Plaintiff vaguely alleged that during one week his "meal periods were either missed, shortened, taken late, and/or interrupted," and that, for one week, he "worked more than six hours and did not receive two full uninterrupted paid, off-duty rest periods." (*Id.* at 6.)

Plaintiff does not substantively amend his meal and rest break allegations in the Third Amended Class Action Complaint.  Rather, Plaintiff now lists the pay periods during which he alleges Defendants failed to pay him for missed or shortened meal and rest breaks, and alleges he missed these meal and rest breaks because he was "responding to business-related inquiries and attending to tasks that were required to

be completed such as assisting customers and responding to manager/supervisor requests." (TAC ¶¶ 44, 47.) Plaintiff alleges these violations occurred on a daily basis. (*Id.* ¶¶ 34, 36.)

These allegations fail to address the Court's concerns. As the Court previously held, Plaintiff failed to substantiate his allegations that he did not receive all required meal and rest breaks by "stat[ing] the approximate frequency of missed rest breaks because of customer service concerns and why these work duty tasks necessarily interfered with taking timely meal breaks in support of his allegation that there were violations on a 'daily basis.'" (Dismissal Order at 6–7.) Plaintiff fails, in his TAC, to allege the approximate frequency of missed breaks, or to sufficiently plead a single instance in which he was required or pressured to forgo his meal and rest breaks. *See Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1040 (2012) (a meal break violation requires an employer to "impede[s] or discourage[s]" employees from taking breaks); *Boyack*, 812 F. App'x 428, 431 (9th Cir. 2020) (affirming dismissal because plaintiff failed to allege a single workweek in which defendant "impeded or discouraged" plaintiffs from taking rest breaks). Plaintiff's general allegations that Defendants "intentionally and willfully" "failed to authorize or permit" or "impeded and discouraged" Plaintiff and the other class members from taking their meal and rest periods, (TAC ¶¶ 74, 76, 85, 87), fail to sufficiently allege how Defendants prevented Plaintiff from taking the required breaks. *See Guerrero v. Halliburton Energy Servs., Inc.*, 231 F. Supp. 3d 797, 806 (E.D. Cal. 2017) (dismissing meal and rest period claims because "mere allegations" that plaintiff felt "pressured" to work were insufficient); *Chavez v. RSCR California, Inc.*, No. 2:18-CV-03137-JAM-AC, 2019 WL 1367812, at *2 (E.D. Cal. Mar. 26, 2019) (allegation that plaintiff was prevented from taking meal and rest breaks because she was required to assist clients when necessary was insufficient to state claim because plaintiff failed to allege what defendant "actually told her or did to interfere with those breaks"). While Plaintiff need not allege each violation by Defendants, consistent with *Landers*, Plaintiff must plausibly allege he was denied

11

meal and rest breaks in some specific instances. *See Landers*, 771 F.3d at 645. Plaintiff's non-specific and conclusory allegations in the TAC are not sufficient to survive a motion to dismiss. *See Benyamin v. Topgolf Payroll Servs., LLC*, No. 2:23-CV-00303-JAM-DB, 2023 WL 4054543, at *3 (E.D. Cal. June 16, 2023) (dismissing meal and rest break claims because plaintiff did not "point to one instance where he worked five or ten hours and was denied a meal period" and did not provide factual allegations that "he worked more than four hours without receiving a ten-minute break").

Plaintiff was previously warned that failure to adequately amend these claims would result in their dismissal without leave to amend. (*See* Dismissal Order at 9–10.) Plaintiff has failed to state the approximate frequency of missed meal and rest breaks, explain how he was impeded from taking his meal and rest breaks, or allege facts specifically identifying an instance where Plaintiff was deprived of a meal or rest break. (*See id.* at 6.) However, as the Court notes in Section I *supra*, Plaintiff has provided further allegations concerning the job duties he was required to perform off-the-clock, and alleges he was required to perform this unpaid work on an approximately daily basis after clocking out. (*Id.* ¶¶ 32, 38.) Reading Plaintiff's allegations liberally, it is possible these allegations for unpaid overtime work could also support Plaintiff's allegations for unpaid meal and rest breaks as Plaintiff may have missed required meal or rest breaks as a result of performing these additional job duties off-the-clock. Thus, as the Court is granting leave to amend on Plaintiff's claims for unpaid overtime and minimum wage violations, the Court will also grant leave to amend on Plaintiff's meal and rest break claims.[1]

## CONCLUSION

Plaintiff is admonished one final time that, in amending his pleadings, he must "draw on [his] memory and personal experience to develop factual allegations with

---

[1] As Plaintiff's fifth, sixth, and seventh causes of action are derivative of his first through fourth causes of action, Plaintiff will also be granted leave to amend on those claims.

12

sufficient specificity that they plausibly suggest that defendant failed to comply with its statutory obligations under the [Labor Code]." *Landers*, 771 F.3d at 643 (citing with approval *DeJesus*, 726 F.3d at 90.)  While some of Plaintiff's new allegations explaining the type of work he was required to perform off-the-clock lend plausibility to his claims, some of his new allegations, such as simply listing all the pay periods when he experienced alleged Labor Code violations, do not.  (*See* Compl. ¶ 44.)  Rather than generalized allegations, Plaintiff must provide at least some concrete details as to when and why he was required to work off-the-clock and explain how that resulted in overtime, minimum wage, and meal/rest break violations so as to lend plausibility to his claims.  *See Landers*, 771 F.3d at 646 (finding "Landers's allegations failed to provide 'sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week'").  Plaintiff is advised to review this Court's Order and the guidance cited therein to sufficiently amend his claims.

        Accordingly, for the reasons set forth above, Plaintiff's Third Amended Class Action Complaint (ECF No. 26) is hereby DISMISSED with leave to amend.  Plaintiff is granted thirty (30) days to file an amended complaint.

        IT IS SO ORDERED.

Dated:  **February 3, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Benge.24cv749.MTD

13